## John W. Evans, plaintiff in error v. Simon Crosier, defendant in error.

### *Error to La Salle.*

In order to authorize the Circuit Court to issue a summons to another county, it must appear that the cause of action accrued in the county where the plaintiff resides and where suit is brought, or that the contract sued on was made specifically payable in the county in which the action is commenced.

Wm. Thomas, for the plaintiff in error.

J. Y. Scammon, for the defendant in error.

Lockwood, Justice, delivered the opinion of the Court:

This was an action of *debt* commenced in the La Salle Circuit Court on a promissory note payable at the Bank at Galena. The summons was directed to the sheriff of Morgan county, where it was served on Evans, the defendant below. The declaration contains no averment that the plaintiff, Crosier, resides in the county of La Salle, and that the cause of action arose in that county, or that the money was made payable there. Judgment was entered by default, and the cause is brought into this Court by writ of error.

This Court decided in the case of Key v. Collins,(1) that in order to authorize the Circuit Court to issue a summons to another county, it must appear that the cause of action accrued in 'the county where the plaintiff resides, or that the contract sued on was made specifically payable in the county in which the action is commenced.

Neither of these facts appearing from the declaration, the judgment below is reversed with costs.

*Judgment reversed.*

*Note.* See note at the end of the last case.